UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TRACY CANNON,

    Plaintiff,

v.

AHMED A. ABDIRAHMAN AND LAIBA
LOGISTICS, LLC,

    Defendants.

CIVIL ACTION NO.

3:22cv49-MPM-JMV

## NOTICE OF REMOVAL

Defendants Ahmed A. Abdirahman and Laiba Logistics, LLC, (hereafter "Defendants"), by and through undersigned counsel of record, pursuant to U.S.C. §§ 1332, 1441, and 1446, and the Local Rules of this Court, hereby file this Notice of Removal of this cause of action from the Circuit Court of Marshall County, Mississippi to the United States District Court for the Northern District of Mississippi, Oxford Division.

## BACKGROUND

Plaintiff Tracy Cannon, (hereafter "Plaintiff"), filed this lawsuit in the Circuit Court of Marshall County, Mississippi on December 21, 2021.[1] Plaintiff alleges that she was involved in a motor vehicle collision with a truck operated by Defendant Ahmed A. Abdirahman and owned by Defendant Laiba Logistics, LLC on August 19, 2021. (Compl. ¶ 7). Plaintiff alleges in her Complaint that Defendant Abdirahman is guilty of negligence and negligence *per se*. (Compl. ¶¶ 29-35). Plaintiff also alleges Defendant Laiba Logistics, LLC is liable under the doctrine of

---

[1] A copy of the underlying Complaint is attached and incorporated into this Notice as **Exhibit A**. Any discussion of the allegations in the Complaint herein is simply a recitation of Plaintiffs' Complaint and should not be construed as admission of any such allegations on the part of Defendants.

*Respondeat Superior*, as well as independently negligent in hiring, qualifying, training, entrusting, supervising, and retaining Defendant Abdirahman. (Compl. ¶ ¶ 36-53). Plaintiff has admitted that she will seek damages over the amount required for diversity jurisdiction.

Defendant Ahmed A. Abdirahman was served on January 28, 2022[2] and Defendant Laiba Logistics, LLC was served through its registered agent Abdulkarim Aden on February 7, 2022.[3] Plaintiff did not include a specific amount of damages sought in her Complaint. However, on March 15, 2022, in response to Defendants' Requests for Admissions, Plaintiff denied she would be seeking less than $75,000. Further, Plaintiff admitted she would ask a jury for a verdict more than $75,000 exclusive of interest and costs. (*See* Pl.'s Resp. to Defs.' Req. for Admissions 6 and 10).[4]

## LAW AND ARGUMENT

**1. Defendants Have Satisfied All Procedural Requirements for Removal.**

On December 21, 2021, Plaintiff commenced the above-styled action in the Circuit Court of Marshall County, Mississippi, styled as *Tracy Cannon v. Ahmed A. Abdirahman and Laiba Logistics, LLC*; Civil Action No. CV2021-441.

Defendants first received a copy of the lawsuit when served. *See* Exhibit B. All process, filings, pleadings, and/or orders served on Defendants to date, and all items received by the State Court, are attached and incorporated herein, and constitute all filings made to date in the entire case.[5]

No previous application has been made for the relief requested herein.

---

[2] A copy of the Returned summons on Defendant Abdirahman is attached and incorporated into this Notice as **Exhibit B.**
[3] A copy of the Returned summons on Defendant Laiba Logistics is attached and incorporated into this Notice as **Exhibit C.**
[4] A copy of Plaintiff's Responses to Defendants' Requests for Admission is attached and incorporated in this Notice as **Exhibit D.**
[5] A certified copy of the state court docket with all pleadings, process, motions, notices, and/or orders has been requested and will be timely filed with the Court as **Exhibit E**. *See* L.U. Civ. R. 5(b).

Pursuant to 28 U.S.C. § 1446(d), Defendants will provide contemporaneous written notice to Plaintiff, and Defendants will file the attached Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Marshall County, Mississippi.[6]

2. **Removal is Proper Because This Court has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.**

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as this is a civil action where the amount in controversy exceeds $75,000, exclusive of costs and interest, and is between citizens of different states.

    A. <u>Complete Diversity of Citizenship Exists Between the Plaintiff and Defendants.</u>

The parties are completely diverse. Plaintiff alleges in her Complaint that she is a citizen of Marshall County, Mississippi. (Compl. ¶ 1). Conversely, Defendants Ahmed A. Abdirahman and Laiba Logistics, LLC, and all member(s)[7] thereof, are citizens of and domiciled in the State of Utah. (Compl. ¶ ¶2-3). Laiba Logistics, LLC is a Utah LLC with its principal place of business in Utah. The only member of Laiba Logistics, LLC is Abdulkarim Aden. *See* filing from Utah Secretary of State;[8] *see also Burdett v. Remington Arms Co.*, 854 F. 3d 733 (5th Cir. 2017) (holding citizenship of LLC is determined by that of its members).

    B. <u>Removal of This Action is Timely.</u>

Plaintiff filed this action in the Circuit Court of Marshall County, Mississippi on December 21, 2021. Thereafter, Defendants were served on January 28, 2022. Defendants then served Plaintiff with Requests for Admission on February 28, 2022, which Plaintiff returned on March 15, 2022. This Notice is timely because it is based on "other paper" that was received on

---

[6] A copy of the Notice to the State Court is attached and incorporated in this Notice as **Exhibit F**.

[7] Abdulkarim Aden is the only member of Laiba Logistics, LLC, a Utah Limited Liability Company. Further, Aden is a citizen of Utah.

[8] Laiba Logistics, LLC, filing with Utah SOS as **Exhibit G**. *See also CMS Consultants, LLC v. Aries Bldg., Sys., LLC*, 2020 U.S. Dist. Lexis 67129, at *2-3 (S.D. Miss. Jan. 7, 2020) (finding LLC's sole member was a citizen of Texas based on filing with Mississippi Secretary of State's office).

March 15, 2022, and thirty days have not yet passed since that "other paper" was received. *See* 28 U.S.C. § 1446(b)(3). This Notice also does not violate the "one-year rule" set forth in 28 U.S.C. § 1446(c)(1) because it was filed within one year of the initial filing of this action.

    C. <u>Venue is Proper.</u>

Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division where the state court civil action is pending (Marshall County, Mississippi).

    D. <u>The Amount in Controversy Requirement is Satisfied.</u>

The amount in controversy requirement is met as evidenced by "other paper" Plaintiff has provided Defendants. While Plaintiff's Complaint does not specify the amount of damages sought, on March 15, 2022, Plaintiff answered Defendant's Requests for Admissions with a denial that she would not be seeking less than $75,000, exclusive of costs and fees.

**REQUEST FOR ADMISSION NO. 6: Admit you will ask a jury for a verdict less than $75,000.00.**

**RESPONSE: Deny.**

Plaintiff also admitted she would ask a jury to award damages in excess of $75,000 exclusive of interest and costs.

**REQUEST FOR ADMISSION NO. 10: Admit you will ask a jury for a verdict more than $75,000 exclusive of interest and costs.**

**RESPONSE: Admit**

Accordingly, the amount in controversy is more than $75,000. *See McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) (holding that Defendants may utilize state discovery rules to determine, with legal certainty, if the damages are in excess of the

jurisdictional limit, and specifically "the defense lawyer can have the plaintiff admit through a deposition, interrogatory or *request for admission* that his damages do not exceed $75,000) (emphasis added). Because Plaintiff denied that her damages would be less than $75,000 and admitted she would ask a jury to award damages in excess of $75,000, the amount in controversy requirement is satisfied.

    E.  <u>Unanimity is Met.</u>

Lastly, unanimity is satisfied. "Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded." *Bradley v. Md. Cas., Co.*, 382 F.2d 415, 419 (8th Cir. 1967). Plaintiff has filed suit against Defendants who together seek removal of this matter. As such, unanimity is met.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Ahmed A. Abdirahman and Laiba Logistics, LLC request that this Court now REMOVE this Civil Action from the Circuit Court of Marshall County, Mississippi, and that further proceedings now be conducted in the United States District Court for the Northern District of Mississippi, Oxford Division.

Respectfully submitted this, the <u>4th</u> day of April, 2022.

*/s/ Mason Montgomery*
_____
MASON S. MONTGOMERY, MS 103313;
CAMP PITTMAN, 106238
McAngus, Goudelock and Courie, LLC
119 North 9th Street
Oxford, Mississippi 38655
(662) 281-7842
Mason.Montgomery@mgclaw.com
camp.pittman@mgclaw.com
*Attorneys for Ahmed A. Abdirahman and Laiba Logistics, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record by electronic mail addressed as follows:

>Quinton E. Thompson
>Morgan & Morgan-Memphis, LLC
>80 Monroe Avenue, Suite 900
>Memphis, Tennessee 38103
>Attorney for Tracy Cannon

This the 4th day of April, 2022.

_____
MASON S. MONTGOMERY