## IN THE CIRCUIT COURT OF MARSHALL COUNTY, MISSISSIPPI

| | |
|---|---|
| TRACY CANNON, | PLAINTIFF, |
| vs. | CIVIL ACTION NO. CV2021-441 <br> JURY DEMANDED |
| AHMED A. ABDIRAHMAN and <br> LAIBA LOGISTICS LLC, | DEFENDANTS. |

### COMPLAINT

**COMES NOW** the Plaintiff, Tracy Cannon, by and through counsel, and files this Complaint against the Defendants, Ahmed A. Abdirahman and Laiba Logistics LLC. (hereinafter collectively "Defendants"), for personal injuries and damages and would respectfully state unto this Honorable Court the following to wit:

### PARTIES

1. Plaintiff, Tracy Cannon (hereinafter "Plaintiff"), respectfully alleges that she is an adult, resident and citizen of Holly Springs, Marshall County, Mississippi, at the time of the filing of this Complaint.

2. Upon information and belief, Plaintiff alleges that Defendant, Ahmed A. Abdirahman (hereinafter "Defendant Abdirahman"), is an adult, resident and citizen of Salt Lake City, Salt Lake County, Utah, and may be served with process at 1203 West Clubhouse Drive, Apartment 2916, Salt Lake City, Utah 24128.

3. Upon information and belief, Defendant, Laiba Logistics LLC. (hereinafter "Defendant Laiba"), is a domestic, limited liability company, doing business in the State of

1





**FILED**
DEC 21 2021
MONET AUTRY
CIRCUIT CLERK, MARSHALL CO., MS
BY _____ D.C.

Mississippi, and whose principal address is located at 6344 West Lago Grande Drive, West Valley City, Salt Lake County, Utah 84128.

4. Upon information and belief Defendant Laiba may be served with process through its Registered Agent, Abdulkarim Aden, located at 6344 West Lago Grande Drive, West Valley City, Utah 84128.

## JURISDICTION AND VENUE

5. Plaintiff further alleges that this cause of action arises in tort out of personal injuries and damages incurred as a result of an automobile collision which occurred in Marshall County, Mississippi on or about August 19, 2021. Jurisdiction and venue are proper with this Court.

## FACTS

6. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-5 of this Complaint as if each were fully set forth herein in their entirety.

7. Plaintiff alleges that on or about August 19, 2021, Plaintiff was traveling northbound on Mississippi Highway 309 South (hereinafter "Hwy. 309"), approaching the U.S. Route 78 (hereinafter U.S. 78), in Byhalia, Marshall County, Mississippi.

8. At all times relevant hereto, Plaintiff was operating a 2006 Chevrolet Trail Blazer (hereinafter "Chevy Blazer"), bearing the VIN 1GND51351623058896.

9. At all times relevant hereto, Defendant Abdirahman was in the course and scope of his employment with Defendant Laiba and was operating a 2016 Freightliner Cascadia Tractor-Truck (hereinafter "Freightliner Cascadia"), bearing the VIN 3AKJGLDR3GSGZ1852 and hauling a cargo trailer owned by Defendant Laiba.

10. At the same time, Defendant Abdirahman, while in the course and scope of his employment with Defendant Laiba was traveling westbound on exiting U.S. 78 preparing to make a left-hand turn onto Hwy. 309.

11. Suddenly and without warning, Defendant Abdirahman attempted to make the left-hand turn on-to Hwy. 309, and in doing so, caused the front end of the Chevy Trail Blazer, Plaintiff was operating, to collide with the passenger's side of the Freightliner Cascadia, Defendant Abdirahman was operating.

12. At all rime relevant hereto, Defendant Abdirahman failed to yield to Plaintiff's right-of-way, when Defendant Abdirahman failed to make sure the path was clear before attempting to make a left-hand turn onto Hwy. 309 and pulled out in front of Plaintiff's vehicle, causing the subject collision and Plaintiff to sustain multiple injuries.

13. Plaintiff alleges that the impact between Plaintiff's vehicle and the tractor/trailer, being operated by Defendant Abdirahman, while in the course and scope of his employment with Defendant Laiba, resulted in Plaintiff's injuries and damages as a direct result of the Defendant Abdirahman's negligence, herein described.

14. There was nothing that the Plaintiff could have done to avoid or minimize the collision or the damages resulting therefrom.

15. Plaintiff alleges that at all times material hereto, Defendant Laiba was the registered owner of the tractor-truck being operated by Defendant Abdirahman.

16. At all times pertinent to the allegations set forth in this Complaint, Defendant Abdirahman was an agent, servant, employee and/or contractor and was hauling the cargo trailer

3

with the Freightliner Cascadia with the permission, consent, or approval of Defendant Laiba and therefore, Plaintiff hereby relies on the doctrine of *Respondeat Superior*.

17. Defendant Laiba is believed to be the true owner of the hazmat cargo tank trailer Defendant Abdirahman was hauling.

## OPERATIVE FACTS

18. On the evening of August 19, 2021, the weather was clear, and Hwy. 309, in Marshall County, was dry.

19. Defendant Abdirahman did not check to make sure the way was clear before attempting to making a left-hand turn onto Hwy. 309 and pulled out in front of Plaintiff causing the front end of Plaintiff's vehicle to strike the passenger's side of the Cascadia Freightliner, Defendant Abdirahman was operating.

20. Plaintiff was an innocent victim who in no way contributed to causing any collision or any injury to herself or anyone else on August 19, 2021. There was nothing Plaintiff could do to avoid or minimize the collision or any of the damages resulting therefrom.

21. At the time of the collision, Defendant Abdirahman was an agent, servant, employee and/or contractor of Defendant Laiba.

22. At the time of the collision, Defendant Abdirahman was acting in the course and scope of his employment with Defendant Laiba and in the furtherance of the business of Defendant Laiba.

23. The cargo trailer Defendant Abdirahman was hauling on August 19, 2021, was owned by Defendant Laiba.

24. The tractor/trailer driven by Defendant Abdirahman was equipped with a Collision Avoidance System.

25. The collision was caused by the negligence of Defendants.

26. The collision was foreseeable to Defendant Abdirahman and Defendant Laiba and could have been avoided had said Defendants acted in a safe and prudent manner as required by Mississippi law and in accordance with the standards required of professional truck drivers and motor carriers.

27. At the time of the subject collision, Defendant Abdirahman had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Mississippi law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Mississippi law, including, but not limited to, the Required Knowledge and Skills set forth in 49 CFR Sections 383.111 and 383.113 as well as the mandates of 49 CFR Sections 390-395.

28. As a direct and proximate result of the Defendants' negligence, the Plaintiff suffered severe, permanent and catastrophic injuries.

## COUNT I
## LIABILITY OF DEFENDANTS
### (Ahmed Abdirahman's Negligence and Negligence *Per Se*)

29. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-28 of this Complaint as if each were fully set forth herein in their entirety.

30. Defendant Abdirahman had a duty to operate the Cascadia Freightliner and cargo trailer in a safe and prudent manner in accordance with Defendant Abdirahman's training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of

5

the Plaintiff and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front and beside of him, and operating her commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

31. As a professional truck driver, Defendant Abdirahman also had a duty to operate the tractor/trailer in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 383.111 and 383.113; the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

32. Plaintiff charges and alleges that all of the acts and/or omissions of common law negligence of driver, Defendant Abdirahman, are imputed to the owner of the cargo trailer, Defendant Laiba.

33. Defendant Abdirahman breached those duties and is guilty of the following acts of common law negligence, which are the direct and proximate cause of the injuries complained of herein, to wit:

    a. Negligent in failing to use that degree of care and caution in the operation of their vehicle as required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    b. Negligent in failing to maintain a proper lookout for other vehicles and persons;

    c. Negligent in failing to keep his vehicle under proper control;

6

- d. Negligent in failing to warn Plaintiff;
- e. Negligent in failing to devote his full time and attention to the operation of Defendant's vehicle;
- f. Negligent in failing to bring and/or keep the vehicle Defendant was operating under proper control when Defendant saw or should have seen, in the exercise of reasonable care, that a collision was imminent;
- g. Negligent in failing to prevent the subject collision and resulting injuries of Plaintiff when Defendant knew or in the exercise of ordinary care, should have known that a collision was imminent;
- h. Negligent in striking the vehicle next to Defendant's vehicle;
- i. Negligent in changing lanes improperly;
- j. Negligent in failing to yield the right of way to other vehicles in Defendant's path;
- k. Negligent in failing to ensure that the lane in which the vehicle Plaintiff was occupying was clear before attempting to merge.
- l. Negligent in failing to adhere to safe driving principles expected of professional drivers;
- m. Negligent in failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

7

n. Negligent in failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

o. Negligent in failing to otherwise act reasonably and prudently as a professional driver should under the circumstances; and

p. Such other specifications of negligence that shall be added by amendment or proven at trial.

34. Defendant Abdirahman is guilty of violating the following statutes of the Mississippi Code Annotated that were in full force and effect:

> *Section 63-3-201*     ***Offenses and penalties generally:***
> *It is unlawful and, unless otherwise declared in this title with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden by this chapter or to fail to perform any act required in this chapter.*
>
> *Section 63-3-603(a)*     ***Driving on roadways laned for traffic:***
> *A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.*
>
> *Section 63-3-701*     ***Starting of stopped, standing, or parked vehicle:***
> *No person shall start a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety.*

8

*Section 63-3-703*   *Turning at intersections:*
*The driver of a vehicle intending to turn at an intersection shall do so as follows:*

(a) *Both the approach for a right turn and the turn itself shall be made as close as practical to the right-hand curb or edge of the roadway.*

(b) *The approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered.*

(c) *The approach for a left turn from a two-way street into a one-way street shall e made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection. A left turn from a one-way street into a two-way street shall be made by passing to the right of the center line of the street being entered upon leaving the intersection.*

*Local authorities in their respective jurisdiction may cause markers, buttons, or signs to be placed within or adjacent to intersections and thereby require and direct that a different course from that specified in this section be traveled by vehicles turning at an intersection. When markers, buttons, or signs are so placed no driver of a vehicle shall turn a vehicle at an intersection other than as directed and required by such markers, buttons, or signs.*

*Section 63-3-803*   *Vehicle turning left at intersection:*
*The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. However, said driver, having so yielded and having given a signal when and as required by Article 15, may make such left turn and the drivers of all other*

9

*vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn.*

**Section 63-3-805** *Vehicle entering through highway*
*The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right-or-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard. However, said diver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-or-way to the vehicle so proceeding into or across the through highway.*
*The driver of a vehicle shall likewise stop in obedience to stop sign as required by this chapter at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed.*

**Section 63-3-1201** *Reckless driving:*
*Any person who drives any vehicle in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving. Reckless driving shall be considered a greater offense than careless driving.*

**Section 63-3-1213** *Careless or imprudent driving:*
*Any person who drives any vehicle in a careless or imprudent manner, without due regard for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances is guilty of careless driving. Careless driving shall be considered a lesser offense than reckless driving.*

35. As a result of the foregoing breaches of duties and violations of state statutes, Plaintiff suffered injuries and damages to be hereinafter set out with more particularity.

## COUNT II

### (*Respondeat Superior* Against Defendant Laiba)

36. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-35 of this Complaint as if each were fully set forth herein in their entity.

37. At all times material hereto, Defendant Abdirahman was acting within the course and scope of his employment or agency with Defendant Laiba and was furthering the business interests of Defendant Laiba

38. Defendant Laiba is liable under the doctrine of *Respondeat Superior* and the Rules of Agency for the tortious acts and omissions of its agents, employees, members, representatives, servants and/or contractors. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Abdirahman on August 19, 2021, which are described above and were committed within the course and scope of Defendant Abdirahman's agency or employment with Defendant Laiba.

39. As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries noted herein.

40. Alone or in conjunction with the negligence of other Defendant(s), Defendant Abdirahman's and Defendant Laiba's negligence proximately caused the injuries to Plaintiff.

41. Defendant Laiba is liable to Plaintiff for all damages allowed by law for the injuries, damages and losses sustained by the Plaintiff as a result of the negligence of Defendant Abdirahman and/or Defendant Laiba's own independent negligence.

## COUNT III

### (Laiba's Negligence)

42.     Plaintiff incorporates herein by reference the allegations of Paragraphs 1-41 of this Complaint as if each were fully set forth herein in their entity.

43.     As an employer, Defendant Laiba is independently negligent in hiring, qualifying, training, entrusting, supervising and retaining Defendant Abdirahman in connection with Defendant Abdirahman's operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

44.     Defendant Laiba failed to ensure that their hazmat cargo tank trailer and driver complied with federal and state laws and regulations.

45.     Defendant Laiba failed to properly inspect, maintain, service, or repair the hazmat cargo tank trailer that Defendant Abdirahman was operating.

46.     As an employer and motor carrier, Defendant Laiba had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, Mississippi law and industry standards including:

- a. Negligently hiring or contracting with Defendant Abdirahman to drive the tractor/trailer at issue;

- b. Negligently training Defendant Abdirahman in the inspection of the tractor/trailer;

- c. Negligently entrusting Defendant Abdirahman to drive a tractor/trailer professionally;

d. Negligently retaining Defendant Abdirahman to drive the tractor/trailer at issue;

e. Failing to conduct proper and required checks on the background of its employee, agent and/or contractor, Defendant Abdirahman;

f. Failing to supervise its employee, agent and/or contractor, Defendant Abdirahman;

g. Failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate;

h. Failing to have or enforce an appropriate policy on properly and safely changing or merging lanes while driving on two-lane roads;

i. Negligently routing this driver and/or negligently allowing this driver to change lanes improperly;

j. Otherwise violating state laws and federal regulations governing trucking companies; and

k. Otherwise failing to act as a reasonably prudent company under the circumstances.

47. Defendant Laiba was <u>independently</u> negligent in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal law and regulations, Mississippi law and industry standards.

48. As a result of the foregoing breeches of duties, Plaintiff suffered the losses and injuries noted herein.

13

49. Alone or in conjunction with the negligence of the other Defendant(s), Defendant Laiba's negligence proximately caused the injuries to Plaintiff.

50. Defendant Laiba is liable to the Plaintiff for all damages allowed by law for the injuries, damages and losses sustained by the Plaintiff as a result of the negligence of Defendant Abdirahman and/or Defendant Laiba's own independent negligence.

## NEGLIGENT HIRING

51. Defendant Laiba negligently hired, retained and/or was negligent in their supervision of Defendant Abdirahman in the course and scope of Defendant Laiba's duties as an agent/employee of Defendant Abdirahman.

52. Defendant Laiba's hiring practices fall below the applicable standard of care, and result in a breach of duty to the other drivers on the road by putting untrained and/or unqualified drivers behind the wheel of Defendant Laiba's vehicle(s).

## NEGLIGENT SUPERVISION

53. Defendant Laiba failed to adequately supervise and train its employees/agents, and in particular Defendant Abdirahman, which resulted in injury to Plaintiff.

## INJURIES AND DAMAGES

54. Plaintiff alleges that as a direct and proximate result of the herein above-described violations of Mississippi common law, state statutes and other Federal violations by Defendants, Plaintiff sustained multiple, serious, and disabling injuries to her body as a whole, including, but not limited to, scalp hematoma, edema of the eyes, non-displaced fracture of right patella, closed fracture of the lumbar vertebrae.

55. Plaintiff alleges that as a direct and proximate result of the hereinabove described negligence of Defendants Plaintiff has sustained temporary and permanent disability.

56. Plaintiff alleges that Plaintiff has endured pain and suffering and may continue to suffer from the injuries arising out of the subject collision.

57. Plaintiff alleges that Plaintiff has incurred reasonable and necessary medical, hospital, pharmacy, and related expenses in order to alleviate Plaintiff's pain and suffering and verily believes that Plaintiff may incur said expenses in the future.

58. Plaintiff further alleges that Plaintiff has sustained a loss of quality and enjoyment of the normal pleasures of life as a result of the subject collision, past, present, and future.

59. Plaintiff alleges that as a direct and proximate result of the hereinabove described negligent acts of Defendants, Plaintiff sustained loss of earnings, past, present, and future.

60. As a direct and proximate result of the Defendants' negligence and acts or omissions of Defendants, Plaintiff was caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to, those listed in this Complaint.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Tracy Cannon, respectfully prays:

1. That Plaintiff be awarded the present cash value of any medical care and treatment that she has or will have to undergo;

2. That Plaintiff be awarded special damages for medical, hospital and physician expenses, past and future, incurred or to be incurred by Plaintiff, according to proof;

3. That Plaintiff be awarded compensatory damages in a fair and reasonable amount to compensate Plaintiff for pain and suffering, loss of enjoyment of life, permanent scarring, mental and psychological injury and impairment as determined by a jury;

4. That Plaintiff be awarded pre- and post-judgement interest as allowed by law;

5. That a jury be empaneled to try the issues when joined; and

6. Such further relief as the Court may deem just and equitable.

Respectfully Submitted,

Quinton E. Thompson (MS BPR#105225)
*Attorney for Plaintiff*
**MORGAN & MORGAN – MEMPHIS, LLC**
80 Monroe Avenue, Suite 900
Memphis, Tennessee 38103
P: (901) 333-1851
F: (901) 524-1798
E: qthompson@forthepeople.com